April 18, 1910.

No. 4991.

(Court of Appeal, Parish of Orleans.)

**OTTO F. MAIER vs. HORACE PHILLIPS, ET AL.**

John Watt for plaintiff and appellant.

J. C. Henriques for defendant and appellee.

Walter Guion, attorney.

GODCHAUX, J.—Plaintiff seeks to maintain his own and to annul defendant's title to a square of ground in this city. Both claim from a common author, the State of Louisiana, through separate deeds executed by the Auditor under authority of Act 80 of 1888, as amended by Act 126 of 1896. Plaintiff's deed from the Auditor, executed on August 1, 1903, was not registered in the Conveynace Office of this Parish until 1907; meanwhile, between the date of its execution and the date of its registry, namely, in December, 1905, there was executed by the Auditor and duly registered, a deed of the same property to defendant's author.

The latter deed is sought to be annulled upon the ground that the State having already sold the property to plaintiff and received from the plaintiff all taxes due thereon, the Auditor was without power or authority to execute to defendant's author a second deed of the same property for the reimbursement of the same taxes. It is alleged that the Auditor as well as defendant and his author in title had full knowledge of the prior sale and unregistered deed to plaintiff, who was in possession of the property, but it is not charged that there existed any fraud, conspiracy or collusion on their part.

A plea of no cause of action levelled at the petition which discloses the foregoing facts and allegations was sustained and plaintiff appeals.

Notwithstanding a prior sale, a subsequent one executed and registered before the former is placed of record, is valid and vests a perfect title; for the prior sale, though good as between the parties thereto, is, until registered, null and void as to third persons.

An exception to this rule is found where the lack of registry is induced by fraud or collusion. But mere knowledge on the part of the subsequent vendee of the prior unrecorded conveyance, is wholly immaterial, does

not take the place of registry and fails to constitute even a badge of fraud; for it cannot be said that the subsequent purchaser "perpetrates a fraud merely by treating as void a contract which the law in terms declares shall be utterly null and void, except as between the parties thereto."

These principles are now well settled and have been recently applied in a case from the able opinion in which the foregoing quotation is made.

> McDuffie vs. Walker, 125 La., p. —, 51 Southern Rep., p. 100. See also, Moore vs. M. L. & T. R. R. No. 17026 Supreme Court, not yet reported.

As fraud or collusion is not charged and as knowledge of the prior conveyance is immaterial, it is clear, in the light of the principles announced, that the second deed by the Auditor conveyed title to defendant, notwithstanding the prior unrecorded conveyance to plaintiff.

But plaintiff seeks to withdraw the case from the application of these principles on the ground that the subsequent deed was an absolute nullity because the Auditor had, by his deed to plaintiff, previously exhausted his statutory power and authority to sell the property. To admit such an exception would be to abrogate our registry laws, and to destroy the very purpose which is to supply the authority to convey where none exists. By force of these laws one who is without power or authority to again convey the property by reason of having already divested himself of it by prior deed, may yet, under certain conditions, exercise that authority and by subsequent deed vest a perfect title in the purchaser.

By the effect of these laws, that very failure of registry which strikes with nullity as to third persons a conveyance in all respects valid, supplies the power and authority which is otherwise lacking, of vesting a valid title by a subsequent deed.

Plaintiff's failure to register his deed rendered it null as to defendant, and gave the Auditor the power and authority, under our registry laws, to vest a valid title in defendant by a subsequent conveyance.

In the present case, moreover, plaintiff's attack upon the Auditor's authority is met by the provisions of the statute under which the deed to defendant's author was executed, for it is therein provided that the Auditor's deed itself shall be **conclusive evidence** that the property was adjudicated and sold to the purchaser therein named after all the prerequisites of the law, from the listing, etc., of the property up to and including the execution of the deed to the purchaser have been fully complied with. Consequently, in the present instance, the authority of the Auditor flows from this statutory presumption as well as, under the registry laws, from plaintiff's failure to register his deed in due season.

We find no error in the judgment appealed from, and accordingly it is affirmed.

Judgment affirmed.

April 18, 1910.

Rehearing refused May 2, 1910.

Writ denied by Supreme Court May 24, 1910.